UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSHUA CHIRINO**

    **Plaintiff,**
vs.                                       **CASE NO.: 6:20-cv-1449**

**BREVARD COOLING AND HEATING, INC,**
a Florida For Profit Corporation,
**BEN CONSTANTINO,**
Individually, and
**JOHN ARRIGO,**
Individually
    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **JOSHUA CHIRINO**, by and through his undersigned counsel, sues Defendants, **BREVARD COOLING AND HEATING, INC, BEN CONSTANTINO, a**nd **JOHN ARRIGO,** (hereinafter "Defendants"), and alleges as follows:

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. The unlawful employment practices alleged were committed within Brevard County, Florida.

3. Plaintiff is and has been a resident of Brevard County, Florida, at all times material herein.

4. Defendant, BREVARD COOLING AND HEATING, INC, is a For Profit Corporation incorporated and existing under the laws of the State of Florida.

5. Defendant, BEN CONSTANTINO is and has been a resident of Brevard County, Florida, at all times material herein.

6. Defendant, JOHN ARRIGO is and has been a resident of Brevard County, Florida, at all times material herein.

7. Plaintiff was an employee of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e).

8. Defendants are employers as defined by FLSA, 29 U.S.C. § 203(d).

9. This action arises under FLSA, 29 U.S.C. § 207(a)(1). The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

10. At all times throughout Plaintiff's employment, Plaintiff was a "non-exempt" employee and therefore subject to receive overtime compensation of a rate no less than one and one half times his regular rate of pay.

11. At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

12. Plaintiff handled the sale of goods that passed through interstate commerce as they were delivered from other states.

13. At all times material hereto Defendant, BREVARD COOLING AND HEATING, INC. was engaged in interstate commerce per 29 U.S.C. §203(s) because it had employees who handled goods, materials and supplies which travelled in interstate commerce including but not limited to HVAC systems and other tools/materials and equipment used in the business or sold to customers.

14. At all times material hereto, Defendant, BREVARD COOLING AND HEATING, INC. had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

15. Defendant, BREVARD COOLING AND HEATING, INC., operates as a heating and air conditioning contracting company.

16. At all times relevant to this action Defendant, BEN CONSTANTINO owned and operated BREVARD COOLING AND HEATING, INC. and who regularly exercised the authority to: (a) hire and fire employees of BREVARD COOLING AND HEATING, INC.; (b) determine the work schedules for the employees of and (c) control the finances and operations of BREVARD COOLING AND HEATING, INC. By virtue of having regularly exercised that authority on behalf of BREVARD COOLING AND HEATING, INC., BEN CONSTANTINO is/was an employer as defined by 29 U.S.C. §201, et seq.

17. At all times relevant to this action Defendant, JOHN ARRIGO owned and operated BREVARD COOLING AND HEATING, INC. and who regularly exercised the authority to: (a) hire and fire employees of BREVARD COOLING AND HEATING, INC.; (b) determine the work schedules for the employees of and (c) control the finances and operations of BREVARD COOLING AND HEATING, INC. By virtue of having regularly exercised that authority on behalf of BREVARD COOLING AND HEATING, INC., JOHN ARRIGO is/was an employer as defined by 29 U.S.C. §201, et seq.

18. Plaintiff does not possess the complete records relating to his work hours and compensation; Defendants are in possession of such records, and responsible for their storage and safekeeping.

19. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

20. Plaintiff has retained the law firm of Arcadier Biggie & Wood, PLLC. to represent him interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

**Background**

21. Plaintiff began working for Defendants on or about January 6, 2020.

22. At all times relevant, Plaintiff worked for the Defendants installing and servicing heating, ventilation, and air conditioning (HVAC) systems and equipment.

23. Plaintiff started at a rate of $19.00 per hour but worked his way up to the position of Lead Installer earning $22.00 per hour, plus commission, and a $50.00 per week medical supplement.

24. Plaintiff's workweek ran from Monday through Sunday.

25. Plaintiff would be paid on the Friday following the end of the workweek.

26. During the workweek of July 13, 2020 through July 19, 2020, Plaintiff worked 56.25 hours.

27. Plaintiff worked five (5) hours on July 20, 2020.

28. On July 20, 2020, Plaintiff informed JOHN ARRIGO that Plaintiff decided to resign.

29. Plaintiff's paycheck for workweek of July 13, 2020 through July 19, 2020 was issued on Friday, July 24, 2020.

30. Upon receipt of the paycheck on or about July 24, 2020, Plaintiff discovered that Defendants unilaterally reduced Plaintiff's rate of pay to $8.46 per hour.

31. During this time, Florida's minimum wage was $8.56 per hour.

32. Defendant's paid 16.25 of overtime during this week at a rate of $12.69 per hour

33. On or about July 31, 2020, Plaintiff's final paycheck for his work on July 20, 2020 was issued.

34. Plaintiff's final paycheck paid five (5) hours at a rate of $8.56 per hour.

35. At no time prior to July 24, 2020 was Plaintiff informed that his rate of pay would be changed.

36. When Plaintiff tried to address the wage issue with Defendants, he was informed that Defendants decided to unilaterally reduce his rate of pay below the Florida Minimum Wage because they felt that Plaintiff did not provide them with adequate notice of his resignation.

### COUNT I:
### VIOLATION OF THE OVERTIME PROVISIONS OF
### THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

37. Plaintiff re-alleges and incorporates paragraphs 1 through 36 of this Complaint as set forth in full herein.

38. The action is brought pursuant to the employment relationship of the parties in regards to unpaid overtime wages.

39. Plaintiff worked as an hourly employee.

40. Plaintiff commonly worked in excess of forty (40) hours in a workweek while employed by Defendants.

41. Defendants failed to compensate Plaintiff at a rate not less than one and one half time his regularly rate for those hours worked in excess of forty(40) in a workweek.

42. Pursuant to 29 U.S.C. §207(a)(1), Defendants were required to pay Plaintiff overtime compensation at one and one-half times their regular rate of compensation for any hours worked in excess of forty (40) hours per week.

43. Defendants actions were willful and not in good faith.

44. Defendants are liable to Plaintiff for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. §216(b).

45. Defendants are liable for Plaintiff's attorney fees and costs incurred, pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff demands judgment against the Defendants for the following:

      a)    Unpaid overtime found to be due and owing;

      b)    An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

      c)    Award of reasonable attorney's fee and costs; and

      d)    Such other relief as this Court deems just and equitable.

### COUNT II: BREACH OF CONTRACT - UNPAID WAGE

46. Plaintiff re-alleges and incorporates paragraphs 1 through 36 of this Complaint as set forth in full herein.

47. This is an action for unpaid wages owed to the Plaintiff.

48. At all times material hereto, Plaintiff was employed by Defendants.

49. In or about January 2020, Plaintiff and Defendants entered into an employment agreement wherein Plaintiff would provide services as a laborer for the benefit of Defendants to with Defendants would compensate Plaintiff.

50. During the month of July 2020, Defendants agreed to pay the Plaintiff at a rate of $22.00 per hour, plus overtime for those hours worked in excess of 40 during a workweek.

51. Plaintiff fully complied with the terms of the parties' agreement by performing his job duties in a professionally competent manner.

52. Between July 13, 2020 and July 20, 2020, Plaintiff worked approximately 61.25 hours for Defendants.

53. Defendants breached the agreement by failing to pay Plaintiff his wages at the agreed upon rate for approximately 61.25 hours that he worked.

54. Plaintiff is owed in excess of $938.84.

55. Plaintiff was damaged as a result of wages being withheld by Defendants.

56. Defendants' actions were willful and not in good faith.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which he may be entitled, including, but not limited to:

A. Judgment for the back pay found to be due and owing to the Plaintiff;

B. Prejudgment interest.

C. Attorney's fees and costs pursuant to Fla. Stat. §448.08

D. Such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 12th day of August 2020.

          ARCADIER, BIGGIE, AND WOOD, PLLC.

          */s/ Joseph C. Wood, Esquire*
          Maurice Arcadier, Esquire
          Florida Bar No.: 0131180
          Joseph C. Wood, Esquire
          Florida Bar No.: 0093839
          Attorneys for Plaintiff
          2815 W. New Haven, Suite 304
          Melbourne, Florida 32904
          Primary Email: office@ABWlegal.com
          Secondary Email: Wood@ABWlegal.com
          Phone: (321) 953-5998
          Fax: (321) 953-6075