UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA CHIRINO,

        **Plaintiff,**

v.                                     **Case No:  6:20-cv-1449-Orl-37DCI**

BREVARD COOLING AND HEATING,
INC., BEN CONSTANTINO and JOHN
ARRIGO,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice (Doc. 20)** |
| **FILED:** | **January 4, 2021** |

**THEREON** it is **Recommended** that the motion be **GRANTED**.

### I.    Background

    Plaintiff brought this action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA) and for a breach of contract in relation to the unpaid wages.  Doc. 1.  The parties subsequently filed a joint motion to approve their settlement, to which they attached their settlement agreement.  Docs. 20 (the Motion); 20-1 (the Agreement). Under the Agreement, Plaintiff will receive $762.81 in unpaid wages, $762.81 in liquidated damages, $608.80 for the breach of contract claim, $100 as separate consideration for a general

release, and $4,482.50.00 in attorney fees and costs.  Doc. 20-1.  These are the full amounts

requested by Plaintiff in his answers to the Court's interrogatories (Doc. 18 at 2) and, as such, the

parties assert that Plaintiff did not compromise any of his claims.  The parties argue that the

Agreement represents a fair and reasonable resolution of Plaintiff's FLSA claims and request that

the Court grant the Motion and dismiss the case with prejudice.  Doc. 20.

## II.      Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may

become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food*

*Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  The Court, before

giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and

reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id*. at 1353-55.  In

doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

that are actually in dispute.  *See Lynn's Food Stores*, 679 F.2d at 1354.  There is a strong

presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of

the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is

compensated adequately and that no conflict of interest taints the amount the wronged employee

recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir.

2009).[3]  The parties may demonstrate the reasonableness of the attorney fees by either: 1)

demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2)

representing that the parties agreed to plaintiff's attorney fees separately and without regard to the

amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d

1222, 1228 (M.D. Fla. 2009).

### III.    Analysis

### A.  The Settlement

This case involves disputed issues about whether Plaintiff performed overtime work for

which he was not paid overtime wages.  The parties were represented by counsel throughout the

case and exchanged information related to Plaintiff's payroll records.  The parties engaged in

settlement negotiations and agree that the settlement is a reasonable resolution of Plaintiff's claims.

Doc. 20.  As a result, Defendant has agreed to pay Plaintiff receive $762.81 in unpaid wages,

$762.81 in liquidated damages, and $608.80 for the separate breach of contract claim.  Doc. 20-1.

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Where, as here, a plaintiff does not compromise their claim, the resulting settlement is generally found to be a fair and reasonable resolution of a bona fide dispute under the FLSA. *Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable"); *see Siena v. Morris Publ'g Grp., LLC*, Case No. 3:08-cv-491-J-32MCR, 2008 WL 4097600, at *1 (M.D. Fla. Sept. 4, 2008) (citing authority).   Accordingly, it is **RECOMMENDED** that the Court find the settlement is a fair and reasonable resolution of Plaintiffs' respective FLSA claims.

### B.  General Release and Confidentiality Provisions

The Agreement contains a general release.  Doc. 20-1.  Such a provision is generally disfavored by courts, as it is generally seen as affecting the fairness and reasonableness of an FLSA settlement.  *See, e.g., Menjiva v. E & L Const. Serv., LLC*, Case No. 6:15-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015) (citing authority).  Courts, however, have generally found such provisions permissible where plaintiff is provided separate consideration for such provisions.  *See, e.g., Roman v. FSC Clearwater, LLC*, Case No. 6:16-cv-969-Orl-41DCI, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (recommending approval of settlement agreement providing $100.00 as separate consideration for a general release) *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *Ramos v. Acute Patient Care, Inc.*, Case No. 6:16-cv-1437-Orl-40GJK, 2017 WL 1379825, at *5 (M.D. Fla. Apr. 6, 2017) (recommending approval of settlement agreement providing separate consideration for general release, non-disparagement, and confidentiality provisions) *report and recommendation adopted, 2017 WL 1365642 (M.D. Fla. April 14, 2017); Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving settlement agreement

providing separate consideration for general release, non-disparagement, and confidentiality provisions).

Here, the parties have agreed that Plaintiff will receive $1,00.00 in exchange for the general release. Doc. 20. Plaintiff is represented by experienced counsel in this case, and there is no indication to the undersigned of improper collusion or of the abandonment of a valuable claim unrelated to the FLSA claims in the Complaint. Thus, the undersigned finds that the provision does not otherwise undermine the purposes of the FLSA.

In light of the foregoing, the undersigned finds that the general release does not affect the overall fairness and reasonableness of the settlement. Therefore, it is **RECOMMENDED** that the Court find the general release and confidentiality provisions do not affect the overall fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs

Plaintiff's counsel will receive a total of $4,482.50 in attorney fees and costs for representing Plaintiff in this case. Docs. 20-1. The parties represent that attorney fees and costs were "separately negotiated" and Plaintiff received full compensation. Doc. 20. The settlement is reasonable to the extent previously discussed, and the foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.    Conclusion

Accordingly, it is **RECOMMENDED** that:

1.  The Motion (Doc. 20) be **GRANTED**;

2.  The Court find the Agreement (Doc. 20-1) to be a fair and reasonable settlement of Plaintiff's FLSA claim;

3.  The case be **DISMISSED with prejudice**; and

4.  The Clerk be directed to close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 3, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy